UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,                                              Hon. Janet T. Neff

v.                                                                         Case No. 1:18-cv-839

C. HAGERMAN, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 41), and Plaintiff's Motion for Summary Judgment, (ECF No. 44). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**, Plaintiff's motion **denied**, and this matter **terminated**.

**BACKGROUND**

Plaintiff initiated this action against Ingham County and several individuals, alleging the following. On or about April 4, 2018, Plaintiff was arrested and detained in the Ingham County Jail. On or about April 11, 2018, Plaintiff participated in a state court hearing following which the court ordered that Plaintiff be released on bond. Plaintiff was subsequently transported back to the Ingham County Jail arriving at approximately 3:00 p.m. Plaintiff was not immediately released from custody, however, because, according to Defendant Chappell, "everyone was in a meeting." Plaintiff was released from custody at approximately 7:30 p.m. When Plaintiff was released from custody, Defendants Dell and Hagerman refused to return to Plaintiff medications that Plaintiff brought with him when he was initially detained. Plaintiff alleges that Defendants violated his rights under the

Americans with Disabilities Act (ADA), as well as the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

At this juncture, the only claims remaining in this matter are: (1) Fourth Amendment claims against Defendants Chappell and Hagerman, and (2) Fourteenth Amendment deliberate indifference claims against Defendants Hagerman and Dell. (ECF No. 7, 15). Defendants Chappell, Dell, and Hagerman now move for summary judgment. Plaintiff likewise has moved for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his]

-2-

mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Fourth Amendment**

Plaintiff alleges that Defendants Chappell and Hagerman violated his Fourth Amendment rights by delaying his release from the Ingham County Jail for approximately four hours. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. Because reasonableness is the touchstone of an illegal seizure claim, "[l]aw enforcement agencies do not violate the Fourth Amendment by failing to release inmates the instant that they post bail." *Lopez-Lopez v. County of Allegan*, 321 F.Supp.3d 794, 802 (W.D. Mich. 2018). Rather, "[j]ails are obligated to process and release individuals who post bond within a reasonable time." *Ibid.*

In support of their motion for summary judgment, Defendants have submitted evidence which reveals the following. On April 11, 2018, Plaintiff, following his court appearance, was transported back to the Ingham County Jail arriving at 3:38 p.m. (ECF No. 42 at PageID.242). The Ingham County Jail "has a strict documentation process to ensure accountability, and to avoid accidentally releasing an individual who is required to remain incarcerated." (*Id.* at PageID.243). This is a "time-consuming and detailed process" [which] includes ensuring all records are updated, checking for outside agency holds, and verifying accurate release from custody." (*Id.*).

On April 11, 2018, a "mandatory training session" for "all Jail Receiving staff and command" was scheduled to occur from 4:00 p.m. until 7:00 p.m. (*Id.* at PageID.242). This training had been scheduled two months in advance. (*Id.*). The personnel assigned to fill-in for the staff members attending this training were trained to "process any new arrivals," but "were not trained or equipped for the detailed release process." (*Id.*). Accordingly, for the duration of the jail's training, "release of inmates [was] temporarily halted." (*Id.*).

Following Plaintiff's return to the Jail at 3:38 p.m., Defendant Hagerman began the process of facilitating Plaintiff's release. (*Id.* at PageID.253-54). However, this process could not be completed prior to the beginning of the training session which Hagerman was required to attend. (*Id.* at PageID.254). Once the training session was completed, Defendant Hagerman "worked overtime. . .to process [Plaintiff's] release as my top priority and first item of business." (*Id.*). This process was completed and Plaintiff released at 7:30 p.m. (*Id.*).

Plaintiff has presented no evidence challenging, refuting, or calling into question any of the evidence detailed immediately above. Thus, there does not exist any genuine dispute as to the following facts: (1) Plaintiff was released from custody less than four hours after arriving back at the jail following his court appearance, and (2) the delay in Plaintiff's release was the result of previously scheduled training for jail personnel rather than any improper purpose.

Given these undisputed facts, Defendants Chappell and Hagerman are entitled to summary judgment. *See, e.g., Sizer v. County of Hennepin*, 393 F.Supp.2d 796, 797-800 (D. Minn. 2005) (where plaintiff was detained for more than ten hours following a determination that he be released on bail, defendants were entitled to summary judgment because the delay was not the result of improper action or motive, but was instead "objectively reasonable" under the circumstances); *Chortek v. City of Milwaukee*, 356 F.3d. 740, 747 (7th Cir. 2004) (delays in releasing inmates which are "significantly longer" than four hours do not violate the Fourth Amendment where such were not occasioned by improper purpose); *see also*, *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) ("[i]n evaluating whether the delay [in releasing an inmate] in a particular case is unreasonable, however, courts must allow a substantial degree of flexibility"). Accordingly, the undersigned recommends that as to Plaintiff's Fourth Amendment claims, the motion for summary judgment by

Defendants Chappell and Hagerman be granted and Plaintiff's motion for summary judgment be denied.

## II.     Fourteenth Amendment

Plaintiff alleges that when he was released from the custody of the Ingham County Jail, on April 11, 2018, Defendants Dell and Hagerman refused to return to Plaintiff medications that he brought with him when he was initially detained. Plaintiff alleges that Defendants' behavior constitutes cruel and unusual punishment. The proscription against cruel and unusual punishment, articulated by the Eighth Amendment, is equally applicable, by way of the Fourteenth Amendment, to pre-trial detainees such as Plaintiff. *See Brown v. Chapman*, 814 F.3d 447, 465 (6th Cir. 2016).

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical

need.  *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).  However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it."  *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).  To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish."  *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

In support of their motion for summary judgment, Defendants have submitted evidence which reveals the following.  When Plaintiff was initially detained in the Ingham County Jail he had in his possession "several medications" which were "secured and delivered to jail medical staff for inspection and confirmation."  (ECF No. 42 at PageID.241-42, 245-46).  While Plaintiff was incarcerated in the Ingham County Jail, he was provided his medications twice daily.  (*Id.* at PageID.245-46).  Any medications in an inmate's possession when he arrives at the jail are "normally

returned to the inmate upon release," however, the jail's correctional staff are not authorized to "deliver or return any medications." (*Id.* at PageID.246). Instead, "inmate medications are handled exclusively by jail medical staff." (*Id.*).

When Plaintiff was released from the jail's custody on the evening of April 11, 2018, "there was no jail medical staff member immediately available to retrieve and deliver [Plaintiff's] medications to him." (*Id.* at PageID.262). The jail's medical staff member working at the time of Plaintiff's release from custody was dispensing medications to inmates throughout the jail and was not available to immediately retrieve Plaintiff's medications. (*Id.* at PageID.263). Defendants Dell and Hagerman were not authorized to return Plaintiff's medications to him. (*Id.* at PageID.254, 257). Plaintiff declined to wait for an authorized staff member to retrieve his medications. (*Id.* at PageID.243).

Pursuant to jail policy, "[i]n the event that jail medical staff is immediately unavailable to retrieve, check out, and deliver an inmate's medication upon his release, the medications are held for up to 30 days, during which time the inmate may return to the jail to pick up the medications." (*Id.* at PageID.246). Plaintiff concedes in his amended complaint that he returned to the jail two days later and was given his medications. (ECF No. 16 at PageID.88). Plaintiff has presented no evidence challenging, refuting, or calling into question any of the evidence detailed immediately above.

Even if the Court assumes that there exists a factual dispute as to the objective component of the analysis, Plaintiff's claim fails because Plaintiff cannot prevail on the subjective element. Defendants Dell and Hagerman both assert in their affidavits that they were unaware that Plaintiff would suffer severe harm if Plaintiff departed the jail without his medications. (ECF No. 42 at PageID.254, 257). Plaintiff's refusal to wait a brief period of time until an appropriate staff person

could retrieve Plaintiff's medication following his release certainly did not suggest otherwise. Plaintiff has failed to present any evidence refuting Defendants' assertions or otherwise indicating that Defendants possessed the requisite subjective knowledge to sustain these claims. Accordingly, the undersigned recommends that as to Plaintiff's Fourteenth Amendment claims, the motion for summary judgment by Defendants Dell and Hagerman be granted and Plaintiff's motion for summary judgment be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 41), be **granted**; <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 44), be **denied**; and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: October 10, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge