UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,

v.

    Case No. 1:18-cv-839

    HON. JANET T. NEFF

INGHAM COUNTY JAIL, et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge. The parties filed cross-motions for summary judgment, and the Magistrate Judge issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted, Plaintiff's motion be denied, and the matter be terminated. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the objection and issues this Opinion and Order.

Plaintiff "objects to the court's report and recommendation in its entirety" (Obj., ECF No. 54 at PageID.379). Plaintiff makes five brief arguments—"(a)" through "(e)"—in support of his objection. First, with regard to his delayed-release claim, Plaintiff argues that the Magistrate Judge incorrectly stated the time that Plaintiff returned from court to the jail. Plaintiff states he returned "to the jail at approximately 3:05 p.m." (*id.* at PageID.380). The Report and Recommendation indicates a return time of "3:38 p.m." (R&R, ECF No. 53 at PageID.372). Even assuming

arguendo that Plaintiff returned at 3:05 p.m., the length of time before Plaintiff's release at 7:30 p.m. still falls within the range that case law defines as "objectively reasonable." *See* R&R, ECF No. 53 at PageID.373 (cataloging cases). Therefore, Plaintiff's argument fails to demonstrate any error that requires rejection of the Report and Recommendation.

Second, with regard to the Magistrate Judge's analysis of his deliberate-indifference claim, Plaintiff asserts that Defendant "Hagerman knew that [Plaintiff] would suffer psychological harm" (ECF No. 54 at PageID.381). However, as the Magistrate Judge pointed out (ECF No. 53 at PageID.377), Plaintiff has failed to present any evidence indicating that Defendant possessed the requisite subjective knowledge to sustain this claim. Therefore, this argument also fails to demonstrate that a different resolution of the summary judgment motions is warranted.

Third, Plaintiff argues that "where [Plaintiff] was being threaten[ed] if he didn't leave he would be locked up," the Magistrate Judge erred in finding that Plaintiff "refus[ed] to wait a brief period of time until an appropriate staff person could retrieve Hardy's medications following his release" (Obj., ECF No. 54 at PageID.381). Again, as the Magistrate Judge pointed out (R&R, ECF No. 53 at PageID.376), Plaintiff failed to present any evidence contradicting Defendants' evidence in support of their motion. Plaintiff's argument fails to demonstrate that a different resolution of the summary judgment motions is warranted.

Fourth, Plaintiff makes a conclusory statement that Plaintiff "advanced sufficient evidence to create a genuine issue of material fact as to the existence of their custom or policy through Defendant's [sic] Policy" (Obj., ECF No. 54 at PageID.381). "Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and, are not enough to defeat a well-supported motion for summary judgment." *Pearce v. Faurecia Exhaust Sys., Inc.*, 529 F. App'x

454,458 (6th Cir. 2013). Plaintiff's mere conclusory statement does not justify a result other than the dismissal recommended by the Magistrate Judge.

Last, Plaintiff asserts that he made a "direct attempt" to introduce evidence that he "did not receive his medications twice daily" (Obj., ECF No. 54 at PageID.381-382). However, Plaintiff's assertion, even if true, does not appear relevant to the two claims remaining at this juncture.

Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with the Opinions and Orders in this case. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 54) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 41) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 44) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: February 7, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge